**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000185**
**14-JUN-2013**
**08:52 AM**

NO. CAAP-12-0000185

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LAUREN TAITO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1160)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Lauren Taito (Taito) timely appeals from the judgment of conviction and sentencing of the Circuit Court of the First Circuit (Circuit Court)[1] in Cr. Nos. 11-1-1160 and 11-1-0328.

On February 16, 2012, Taito was found guilty and convicted of one count of Burglary in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-811 (1993) in Cr. No. 11-1-1160 and three counts of Burglary in the Second Degree in Cr. No. 11-1-0328, all of which occurred at a Public Storage facility on December 24, 2010 and January 12, 2011 respectively. For each offense Taito was sentenced to a term of five years probation to run concurrently with each other.

On appeal, Taito argues six main points: (1) that the Circuit Court "erred in denying the defense motion for a mistrial after [a retired police] officer gave his surprise unsolicited

---

[1] The Honorable Richard W. Pollack presided.

speech" as a potential juror during voir dire; (2) that the Circuit Court "gravely erred in refusing to remove another juror for cause"; (3) that the Circuit Court "erred in allowing a store employee to vouch for the reliability of the electronic security system, even though he was not an expert in that computer system or electronic security in general"; (4) that the trial court "erred in admitting evidence of prejudicial photographs which lacked proper foundation"; (5) that the Circuit Court erred in admitting partial copies of security reports; and (6) that the defense motion for judgment of acquittal was wrongfully denied.[2]

Before examining Taito's asserted points of error, we first consider the State's arguments regarding the procedural sufficiency of the appeal.

(i) Notice of Appeal.  While far from ideal, Taito's notice makes reference to both cases insofar as it refers to the Cr. No. 11-1-1160 case number, the counts in Cr. No. 11-1-0328, and attaches the terms of probation that pertain to both cases and counsel's order of appointment in Cr. No. 11-1-0328.  We take this mixture of references to both criminal numbers as evidence of an intent to appeal from both cases and note that the State has addressed Taito's arguments with regard to each case as appropriate.  State v. Bohannon, 102 Hawai'i 228, 235, 74 P.3d 980, 984 (2003) (mistake in designating judgment appealed from should not result in loss of appeal so long as intent to appeal can be fairly inferred and appellee is not misled).

(ii) Statement of Jurisdiction.  Although HRAP Rule 12.1 mandates that the appellant file a statement of jurisdiction within ten days of the record on appeal being filed, "our appellate courts have ignored formal jurisdictional defects that are due to the derelictions of a criminal defendant's attorney." State v. Graybeard, 93 Hawai'i 513, 518, 6 P.3d 385, 390 (App. 2000).

_____

[2]    These final two points were raised and argued in the Opening Brief, but not included in the Statement of Points of Error, in noncompliance with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4).

(iii) Timeliness of Opening Brief. The Opening Brief was filed one day after the extended and firm due date set by order of this court.[3] However, in light of Taito's indigent status and the fact that her counsel was court-appointed, we will not penalize Taito for this error of her counsel.

Despite the multitude of procedural and drafting[4] deficiencies with Taito's Opening Brief, upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Taito's points of error as follows:

(1) The remarks made by a prospective juror during voir dire did not taint the jury with bias because the Circuit Court subsequently dismissed him from the jury pool and issued an instruction to the other members of the jury and jury pool to "disregard [the comments] entirely and not consider them at all in your consideration of this case."

"[A]s a rule, juries are presumed to follow all of the trial court's instructions." State v. Knight, 80 Hawai'i 318, 327, 909 P.2d 1133, 1142 (1996) (internal quotation marks and citation omitted). Outside of the other jurors named who were subsequently excused, Taito does not claim that any of the jurors that were actually seated were improperly influenced, and she points to no evidence that the jury was tainted by the subject comments. As Taito fails to point to any evidence that would overcome the presumption the jury complied with the Circuit

---

[3] The filing deadline was extended pursuant to the July 6, 2012 "Order Granting Attorney Andre' S. Wooten's June 27, 2012 Motion to Extend the Due Date for Defendant-Appellant Lauren Taito's Opening Brief, and Order for Andre' S. Wooten to Show Cause Why He Should Not be Sanctioned for Failing to Timely File the Opening Brief in Violation of HRAP Rule 28." By order issued on August 20, 2012, after an examination of Wooten's response, Wooten was sanctioned for not filing the Opening Brief by the original June 18, 2012 deadline.

[4] There is, at best, scant citation to authority--statutory or otherwise--or to the record on appeal as required by HRAP Rule 28(b). Furthermore, there are multiple obvious typographical errors and repeating "cut and paste" errors that indicate that the brief was not adequately proofread before filing.

3

Court's instructions, Taito fails to satisfy her burden of establishing a prima facie showing that the possibility of juror misconduct could have "substantially prejudiced [her] right to a fair trial by an impartial jury." State v. Furutani, 76 Hawaiʻi 172, 181, 873 P.2d 51, 60 (1994) (internal quotation marks and citation omitted). The Circuit Court did not abuse its discretion in not declaring a mistrial or empaneling a new jury.

(2) Taito fails to make a prima facie showing that she was deprived of her right to an impartial jury through a deprivation of her peremptory challenges. While it is true that Taito exhausted her two allotted peremptory challenges in removing two of the jurors that were previously challenged for cause, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." Ross v. Oklahoma, 487 U.S. 81, 88 (1988) Contra Territory v. Lum Dim, 23 Haw. 792 (Haw. Terr. 1917) ("refusal to sustain challenges for proper cause, necessitating peremptory challenges on the part of the accused, will be considered on appeal as prejudicial, where the accused has been compelled subsequently to exhaust all his peremptory challenges before the final selection of the jury").

Taito does not present any relevant evidence in support of the argument that the jury panel that convicted her was not impartial. In addition, the issue of a deprivation of peremptory challenges was not raised at trial. Taito "made no proffer that [s]he would have excused another prospective juror had [s]he not been forced to exercise one of [her] peremptory challenges, . . . nor did [s]he request an additional peremptory challenge." State v. Iuli, 101 Hawaiʻi 196, 205, 65 P.3d 143, 152 (2003) (citing to U.S. v. Martinez-Salazar, 528 U.S. 304, 317 (2000) (no denial or impairment of right to peremptory challenges where there was no request for an additional challenge and the impartiality of the jury was not objected to)). Again, the Circuit Court did not

abuse its discretion when it did not declare a mistrial or empanel a new jury.

(3) The lay testimony offered by Raymond Mancao (Mancao), the property manager of the Public Storage facility, was properly admitted. Taito did not object at trial to the admission of his testimony. Although Taito now challenges his testimony as expert opinion for which he was not duly qualified to render, Mancao did not need to be qualified as an expert before testifying because his statements were not offered as expert testimony under Hawaii Rules of Evidence (HRE) Rule 702. The testimony given was not regarding the soundness of the technology of the security system, but was based on Mancao's experience and perception as a user. Mancao testified about the procedures that he used and that the security system worked well enough to be relied upon in his business. As a lay witness, Mancao's testimony demonstrated his personal knowledge of the security system used and the training he received.

Taito has failed to show that the Circuit Court committed plain error. It was not an abuse of the Circuit Court's discretion to admit this testimony. See State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009).

(4) State's Exhibits 14 through 19 were properly admitted into evidence. Although relying on HRE Rule 106, Taito fails to explain how the photographs in question were only partial writings or recorded statements under the rule. Therefore, we could disregard this point. HRAP Rule 28(b)(7).

More importantly, the exhibits were properly admitted. HRE Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." This authentication is satisfied by "[t]estimony of witness with knowledge . . . that a matter is what it is claimed to be." HRE Rule 901(b)(1). Mancao testified that on January 13, 2011, he inspected the storage units and that the

photographs were "fair and accurate depictions of what [he] viewed."

(5) The Circuit Court did not err in admitting State's Exhibit 3, which was comprised of copies of the activity log that covered the relevant time period but not the whole day. Taito also appears to argue that the State's exhibits comprised of surveillance video entered into evidence were incomplete, but does not assert this as a point of error as required by HRAP Rule 28(b)(4). More importantly, as to Exhibits 5 and 6, the unredacted videos were in fact admitted into evidence. Exhibits 5A and 6A were excerpts.

Taito again cites to HRE Rule 106, but she does not explain how the portion of the reports or video provided were being used out of context or in a misleading way. Taito asserts that "other persons, of unknown identity entered the self-storage facility on the days in question as well." However, no argument was made that the excerpted videos omitted footage of other individuals leaving the facility with items that matched the description of those stolen.

HRE Rule 106 is "an expression of the common law doctrine of completeness," and is meant to address "the misleading impression created by taking matters out of context" and "the inadequacy of repair work delayed to a later point in trial." Monlux v. General Motors Corp., 68 Haw. 358, 366, 714 P.2d 930, 935 (1986) (internal quotation marks and citations omitted). Despite Taito's contention that other persons entered the storage facility on the day in question, she does not explain how the reports provided omitted "any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." HRE Rule 106.

(6) Taito's motion for a judgment of acquittal was not wrongfully denied. This claim is not included in the Statement of Points of Error in the Opening Brief, and thus does not comply with HRAP Rule 28(b)(4). HRS § 708-811 defines Burglary in the Second Degree as when a person "intentionally enters or remains

unlawfully in a building, with intent to commit therein a crime against a person or against property rights[.]" The State adduced evidence of Taito's intentional unauthorized entrance to the storage facility and the identification of items that she was carrying out of the facility as belonging to the renters of the units that were entered without permission. Examining this evidence in the light most favorable to the prosecution, a reasonable mind could fairly conclude that Taito committed Burglary in the Second Degree. The motion for acquittal was correctly denied.

Therefore,

IT IS HEREBY ORDERED that the February 16, 2012 Final Judgment of Conviction and Sentencing in Cr. Nos. 11-1-1160 and 11-1-0328 entered by the Circuit Court of the First Circuit are affirmed. We also direct that the appellate clerk serve a copy of this Summary Disposition Order on the Office of Disciplinary Counsel for appropriate action.

DATED: Honolulu, Hawai'i, June 14, 2013.

On the briefs:

André S. Wooten,
for Defendant-Appellant.

Presiding Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge